# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHNNIE VANCE LASSITER, JR.,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
PH-0752-22-0291-I-1

DATE: May 7, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Randolph Elliott, Camp Hill, Pennsylvania, for the appellant.

Owen Hoover, Esquire, New Cumberland, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed by 3 days without good cause shown. For the reasons set forth herein, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the matter to the New York Field Office for a hearing on the timeliness issue.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ANALYSIS**

The appellant argues that, because he had recently moved to a new address, he did not receive the agency's decision, which effected his removal on June 26, 2022, until July 5, 2022. Petition for Review (PFR) File, Tab 1 at 3-4; Initial Appeal File (IAF), Tab 6 at 13-16. He asserts that the agency was aware of his new address and had "corresponded with [him] multiple times this calendar year [at] this new address."[2] PFR File, Tab 1 at 5.

If an appellant can establish a factual dispute as to whether he timely filed his appeal and he requested a hearing, he is entitled to a timeliness hearing. *Nelson v. U.S. Postal Service*, 88 M.S.P.R. 331, ¶ 5 (2001). Here, the appellant requested a hearing on the matter. IAF, Tab 1 at 2. Additionally, the appellant's representative submitted, among other things, a statement made under penalty of perjury asserting that the appellant had moved to a new address and, as a result, had not received the agency's decision letter until July 5, 2022, when his representative emailed it to him. IAF, Tab 4 at 3. Given the circumstances, we find that the appellant is entitled to a hearing on the timeliness issue.

---

[2] The appellant provides additional documents with his petition for review, to include a letter regarding where he has lived and various property lease documents. PFR File, Tab 1 at 9-59. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). In any event, these documents are not material to the outcome here. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.